# United States Court of Appeals
# for the Fifth Circuit

---

No. 22-10586
Summary Calendar

---

United States Court of Appeals
Fifth Circuit

**FILED**

March 21, 2023

Lyle W. Cayce
Clerk

United States of America,

*Plaintiff—Appellee*,

*versus*

Carlos Delgado-Adame,

*Defendant—Appellant*.

---

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 4:22-CR-18-1

---

Before King, Higginson, and Willett, *Circuit Judges*.

Per Curiam:[*]

Carlos Delgado-Adame appeals his conviction and 60-month sentence for illegal reentry after having been previously removed, in violation of 8 U.S.C. § 1326(a) and (b)(1). He argues that it is a violation of the Sixth Amendment's Notice Clause to treat a prior conviction that increases the statutory maximum under § 1326(b) as a sentencing factor, rather than as an

---

[*] This opinion is not designated for publication. *See* 5th Cir. R. 47.5.

No. 22-10586

element of the offense. Delgado-Adame concedes that *Almendarez-Torres v. United States*, 523 U.S. 224 (1998), forecloses this argument, but he wishes to preserve it for further review. The Government has moved for summary affirmance or, alternatively, for an extension of time to file its brief.

As the Government asserts and as Delgado-Adame concedes, the sole issue raised on appeal is foreclosed by *Almendarez-Torres*. *See United States v. Pervis*, 937 F.3d 546, 553-54 (5th Cir. 2019); *United States v. Wallace*, 759 F.3d 486, 497 (5th Cir. 2014). Because the Government's position "is clearly right as a matter of law so that there can be no substantial question as to the outcome of the case," *Groendyke Transp., Inc. v. Davis*, 406 F.2d 1158, 1162 (5th Cir. 1969), summary affirmance is proper.

Accordingly, the motion for summary affirmance is GRANTED, and the judgment of the district court is AFFIRMED. The Government's alternative motion for an extension of time is DENIED as moot.